# Webster v. Whitworth.

### Bill in Equity, by Principal against Agent, for Account.

*Liability of agent for debt collected in Confederate treasury notes.* — Where an agent, having very general powers to transact the business of his non-resident principal in respect to certain property in this State, received Confederate States treasury notes, in April, 1862, from a solvent debtor, in payment of a debt created prior to 1861, and informed his principal of the fact; and the principal, in reply, without expressing assent or dissent, instructed him not to receive any more such funds in payment of debts created before the war; and the agent then deposited the notes with an insurance company, where they remained until they became worthless; *held,* on bill for account by the principal, that the agent must bear the loss, as he showed no necessity for his receipt of the treasury notes, and no effort on his part to make a better disposition of them.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. ADAM C. FELDER.

SMITHS & HERNDON, for appellant.

J. LITTLE SMITH, *contra.*

B. F. SAFFOLD, J. — The appellant was the agent in this State of the appellee, who resided in Virginia, for the management of certain property. His authority was given by a power of attorney executed in 1852. The bill is by the appellee for the settlement of the agency. The decree of the chancellor is assigned as error. From the briefs of the counsel, the report of the register, and the decree thereon, there seems to be only one question of importance at issue. This is, whether the agent ought to be allowed a credit for the " Browder " note, so called, which he suffered to be paid in Confederate currency on the 17th of April, 1862. The power of attorney under which the defendant acted contained very ample powers, authorizing him to do and perform whatever the principal might do in respect to the property. His management had been very satisfactory and successful for about ten years. In 1857, he hired the slaves to J. D. Browder, for $350, and thus the Browder debt was contracted. In April, 1862, Browder paid him Confederate currency, in satisfaction of the note given for the debt. The defendant had no authority whatever from the complainant to receive such funds, nor is any necessity shown for his having done so. He informed the complainant of what he had done, and she, without assent or dissent, instructed him not to receive any more Confederate money in payment of debts contracted before the war. He deposited the funds in an insurance company in Greensboro, where they remained until they became nearly or quite worthless, when he resumed possession of them, and still has them. This simple

[Goolsbee's Administrator *v.* Fordham.]

statement represents the equity of the case as fairly as a recital of all the evidence would do.

We well know that, at the time referred to, April, 1862, Confederate money was not much depreciated, and that there was a very stern necessity, almost amounting to compulsion, on every person, forbidding him to refuse such payment. The agent seems to have been an honest, conscientious man. But he assigns no necessity for collecting this note, and no reason why he suffered the Confederate money to remain under his control, depreciating every day. The exercise of his discretion in receiving it ought to have prompted him to make some effort to invest it more profitably, or to procure its acceptance by the complainant on some terms. She was far away, and had clothed him with much more positive authority to do something better with the funds than she had given him to receive them. As one or the other must lose the money, we think he most deserves to do so.                    The decree is affirmed.